UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

CHRISTOPHER M. PACKER,

                    Movant,

     -vs-

UNITED STATES OF AMERICA,

                    Respondent.

No.   2:04-CR-0263-WFN-1

ORDER ON §2255 MOTION

      Mr. Packer filed a Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody on June 16, 2014.    He also requested that counsel be appointed.  The Court granted his request for appointment of counsel, then stayed the case to await the Ninth Circuit decision in *Ezell v. United States,* 778 F.3d 762 (9th Cir. 2015).  Following the decision in *Ezell*, counsel asked to withdraw and Mr. Packer asked to proceed *pro se*.

## BACKGROUND

      Mr. Packer pled guilty to Count 1 of the Indictment so the Court sentenced him to 180 months imprisonment after determining Mr. Packer was ACCA qualified based on four convictions for violent felonies.  Mr. Packer appealed. The Ninth Circuit affirmed finding that two of the four violent felonies qualified as per se crimes of violence.

## DISCUSSION

      The statute provides that only if the Motion, file and records "conclusively show that the movant is entitled to no relief" may the Court summarily dismiss the Motion without sending it to the United States Attorney for response.  28 U.S.C. § 2255(b).  The Rules regarding Section 2255 Proceedings similarly state that the Court may summarily order dismissal of a 2255 motion without service upon the United States Attorney only "if

it plainly appears from the motion, and any attached exhibits, and the record of prior proceedings that the movant is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."    Rule 4(a), RULES-SECTION 2255 PROCEEDINGS.  Thus when a movant fails to state a claim upon which relief can be granted or when the motion is incredible or patently frivolous, the district court may summarily dismiss the motion.  *Cf. United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989); *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985).

To gain relief, Mr. Packer must establish that (1) he is in custody under a sentence of this federal court; (2) his request for relief was timely; and (3) the court lacked either personal or subject matter jurisdiction, the conviction or sentence is unconstitutional, the conviction or sentence violates federal law, or the sentence or judgment is otherwise open to collateral attack. 28 U.S.C. § 2255.

## STATUTE OF LIMITATIONS

The statute establishes a one year period of limitation for filing a § 2255 motion which runs from the latest of

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f) (West 2013).  The Motion is untimely unless (1) facts exist that would extend the one year period of limitation or (2) extraordinary circumstances exist which require equitable tolling of the period of limitation.

The Ninth Circuit has ruled that equitable tolling is an alternative basis for finding a petition to be timely. *United States v. Battles,* 362 F.3d 1195, 1196 (9th Cir. 2004). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). An extraordinary circumstance is some external impediment that caused his untimeliness. *Bryant v. Arizona Atty. Gen.,* 499 F.3d 1056, 1061 (9th Cir. 2007). The circumstance must be beyond the prisoner's control. *Spitsyn v. Moore,* 345 F.3d 796, 799 (9th Cir. 2003). In addition, the prisoner must show a causal connection between the extraordinary circumstance and his failure to timely file his motion. *Id.* Although equitable tolling is justified in a few cases, the threshold to establish such tolling is very high." *Id.*

The Motion is not timely, nor does Mr. Packer establish that his sentence is unconstitutional, because the case he relies upon, *Descamps v. United States*, 133 S. Ct. 2276 (2013), is not retroactive. Each ground of Mr. Packer's § 2255 Motion depends upon the applicability of *Descamps*. Since it is not retroactive, *Descamps* cannot be applied to Mr. Packer's case. See *Ezell v. United States,* 778 F.3d 762 (9th Cir. 2015). Mr. Packer's Motion must be denied.

### CERTIFICATE OF APPEALABILITY

An appeal of this Order may not be taken unless this Court or a circuit justice issues a certificate of appealability finding that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2013). This requires a showing that "reasonable jurists would find the district Court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the Court's preceding analysis, the Court concludes that jurists of reason would not differ with the Court's conclusion. Thus a certificate of appealability should not issue.

The Court has reviewed the file and Movant's Motion and is fully informed. Accordingly,

ORDER - 3

**IT IS ORDERED** that:

1.  Mr. Packer's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255, filed June 16, 2014, **ECF No. 88**, is **DENIED**.

2.  Movant's Motion to Dismiss Appointed Counsel and to Allow Defendant to Proceed Pro Se, filed April 23, 2015, **ECF No. 95**, is **GRANTED**.

3.  Defense counsel's Motion to Withdraw, filed July 14, 2015, **ECF No. 97**, is **GRANTED**.

The District Court Executive is directed to:

- File this Order,
- Provide copies to counsel and *pro se* Movant
- Inform the Ninth Circuit Court of Appeals that if the Movant files a Notice of Appeal that a certificate of appealability is **DENIED**; **AND**
- **CLOSE** the corresponding civil file, 2:14-CV-0199-WFN.

**DATED** this 30th day of July, 2015.


                              s/ Wm. Fremming Nielsen
07-29-15                   WM. FREMMING NIELSEN
                      SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 4