UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  -vs-<br><br>CHRISTOPHER M. PACKER,<br><br>        Defendant. | No.   2: 04-CR-0263-WFN-1<br><br>ORDER |

On March 24, 2016, the Court held a telephonic hearing regarding the Government's Motion to Reconsider. ECF No. 125. Defendant was present on the call and represented by Alison Guernsey; Assistant United States Attorney Jared Kimball represented the Government.

The Court first addressed the Motion to Stay. Government counsel lamented that his Motion to Stay was not addressed promptly enough to ensure that Defendant stayed incarcerated, insinuating Court staff had not reacted quickly enough to his Motion to Stay filed at 5:06 p.m. the day following issuance of the Court's Order. Staff from the United States Attorney's Office did contact chambers, but at the time that call occurred, the United States Marshals Service had already notified Court staff that Mr. Packer had been released. Court staff is not in the habit of sharing prisoner movement without express permission from the Marshals Service, but the Court declined to act on the Motion for Stay because Mr. Packer had been released the day of the Court's Order releasing him.

The Government's Motion for Reconsideration does not meet the standard for reconsideration as the Government has not demonstrated an intervening change in law, discovery of new evidence, nor a manifest error in law or fact. Though the

ORDER - 1

Court recognizes that counsel for the Government is at a loss for understanding the Court's previous Order, the Court finds that the Order speaks for itself. Contrary to the Government's willful ignorance of the procedural history of the case, as the Court stated in the previous Order, the Ninth Circuit clearly cited to the residual clause when upholding the Court's imposition of an ACCA based sentence. Ninth Circuit reliance on the residual clause to uphold the sentence is more than sufficient proof that *Johnson* applies. The Court did not make a mistake failing to address the holding of *Ezell*; rather, the Court found that but for the residual clause invalidated by *Johnson*, Defendant would not have been determined ACCA qualified. This is not an error of law.

Lastly, the Court wishes remind counsel for the Government of the importance of civility when conducting oral argument. There is no place for personal attacks or disparagement of the Federal Defender's Office for pursuing motions the Court clearly found to have merit. While the Court encourages robust debate of the legal issues, there is simply no place for hostility or insults in the courtroom.

The Court has reviewed the file, briefing, and argument and is fully informed. Accordingly,

**IT IS ORDERED** that:

1. The Government's Motion to Stay, filed March 9, 2016, **ECF No. 123**, is **DENIED AS MOOT**.

2. The Government's Motion to Expedite, filed March 9, 2016, **ECF No. 124,** is **DENIED**.

3. The Government's Motion for Reconsideration, filed March 9, 2016, **ECF No. 125**, is **DENIED**.

4. Defendant's resentencing hearing set on **April 11, 2016, at 1:30 p.m., in Spokane**, Washington is **CONFIRMED.**

The District Court Executive is directed to file this Order and provide copies to counsel.

1    **DATED** this 29th day of March, 2016.

2

3                                              s/ Wm. Fremming Nielsen
4                                           WM. FREMMING NIELSEN
   03-25-16                              SENIOR UNITED STATES DISTRICT JUDGE
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER - 3